# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-621V
(not to be published)

| | |
|---|---|
| BEVERLY HICKS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 5, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Kenneth W. Thayer, III, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ,* for Petitioner.

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 26, 2019, Beverly Hicks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination administered on either October 6, 2017 or October 9, 2017. (Petition at 1). On September 9, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 31).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 17, 2021 (ECF No. 37), requesting a total award of $23,792.90 (representing $23,349.00 in fees and $443.90 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 36). Respondent reacted to the motion on March 18, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring determination of the amount to be awarded to my discretion. (ECF No. 38). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

Petitioner requests compensation for attorney Kenneth W. Thayer at the rate of $430 per hour for all time billed between 2018 – 2021. (ECF No. 37 at 1). However. Mr. Thayer has previously been awarded the rate of $385 per hour for time billed between 2018 – 2019. *See Falconio v. Sec'y of Health & Human Servs.,* No. 17-1510V, 2020 WL 1893547 (Fed. Cl. Spec. Mstr. Mar. 24, 2020). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Thayer's rates to $385 for time billed in 2018 and 2019. For the year 2020, I will employ $410 per hour, and for 2021 $420 per hour. Application of these reduced rates results in a reduction of **$1,595.00**.[3]

    B.  <u>Paralegal Tasks at Attorney Rates</u>

Mr. Thayer's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs*., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Thayer billed over six hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. A few non-exhaustive examples of these entries include:

- March 13, 2018 (0.30 hrs) "Draft and sent HIPAAs for client to sign & retainer";

- October 17, 2018 (2.0 hrs) "File organization of received medical records (scanning, indexing, Bate)";

---

[3] This amount consists of ($430 - $385 = $45 x 30.6 hrs = $1,377) + ($430 - $410 = $20 x 9.6 hrs = $192) + ($430 - $420 = $10 x 2.6 hrs = $26) = $1,595.00.

3

- September 24, 2019 (0.80 hrs) "Draft and mail request for updated medical records: N. Montana Ortho; Dr. Jording; Bair Memorial; and Phillips County Health";

- April 4, 2019 (0.30 hrs) "Submission of C.P. and Certification to petitioner to review and sign"; and

- August 14, 2019 (0.50 hrs) "Draft and submission of updated (second) exhibit list and exhibit."

(ECF No. 37 at 2-4).

I shall reduce Mr. Thayer's rate for these tasks to $135 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$1,707.50**.[4]

## ATTORNEY COSTS

Petitioner requests $443.90 in overall costs. (ECF No. 37 at 5). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$20,490.40** (representing $20,046.50 in fees and $443.90 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($385 - $135 = $250 x 6.5 hrs = $1,625) + ($410 - $135 = $275 x .30 hrs = $82.50) = $1,707.50.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4